FILED

06/30/2026

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 23-0515

DA 23-0515

IN THE SUPREME COURT OF THE STATE OF MONTANA

2026 MT 135

STATE OF MONTANA,

      Plaintiff and Appellee,

  v.

TERRY LEE HAGBERG,

      Defendant and Appellant.

APPEAL FROM:   District Court of the Sixteenth Judicial District,
In and For the County of Rosebud, Cause No. DC 2022-36
Honorable Nickolas C. Murnion, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

            Tammy A. Hinderman, Appellate Defender Division Administrator,
Deborah S. Smith, Assistant Appellate Defender, Helena, Montana

      For Appellee:

            Austin Knudsen, Montana Attorney General, Cori Losing, Assistant
Attorney General, Helena, Montana

            C. Kristine White, Rosebud County Attorney, Forsyth, Montana

Submitted on Briefs:  April 15, 2026

Decided:  June 30, 2026

Filed:

_____
Clerk

Chief Justice Cory J. Swanson delivered the Opinion of the Court.

¶1      Terry Lee Hagberg (Hagberg) appeals the July 2023 judgment and sentence of the Montana Sixteenth Judicial District Court for Driving a Motor Vehicle Under the Influence of Alcohol or Drugs (DUI) (4th or subsequent), a felony in violation of § 61-8-1002(1)(b), MCA (2021). Hagberg challenges only one aspect of the judgment: the imposition of a $5,000 fine required by § 61-8-1008, MCA (2021). We affirm the imposition of the $5,000 fine and remand for a determination of Hagberg's ability to pay.

¶2      We restate the issues on appeal as follows:

> *Issue One: Whether Hagberg waived his right to appellate review of a fine imposed by the District Court when he agreed to the fine in his plea agreement and at sentencing.*
>
> *Issue Two: Whether the District Court erred by imposing a $5,000 mandatory minimum fine pursuant to § 61-8-1008, MCA, and suspending $2,500 of the fine.*

## FACTUAL AND PROCEDURAL BACKGROUND

¶3      Hagberg, now seventy years old, began drinking alcohol when he was about fourteen. By his early twenties, Hagberg had created a habit of drinking beer daily. Hagberg eventually added whiskey to his daily regimen and has consumed approximately one pint of whiskey per day for the past twenty years. In the early afternoon of July 24, 2022, Hagberg began drinking his usual whiskey and soda in a large travel mug before driving from Ryegate to Forsyth to go fishing with a friend. Upon arrival in Forsyth and after finding out his friend had moved to Miles City, Hagberg decided to drive to the Howdy Hotel to stay for the night. By this time, Hagberg had consumed approximately three of the travel mugs full of whiskey and soda and a few beers.

2

¶4      At approximately 8:45 p.m. that same night, Rosebud County Deputy Sheriff's Dylan Plympton, observed Hagberg drive by the Town Pump in his pickup. Shortly after Hagberg drove by, the driver of another vehicle notified Deputy Plympton that Hagberg had driven off the road into the grass, returned to the roadway, and then drove through a stop sign. While Deputy Plympton was driving to catch up to Hagberg, he observed Hagberg turn down the wrong ramp on the interstate, stop his vehicle, reverse, and come to a stop in the wrong lane.

¶5      Deputy Plympton stopped Hagberg as he attempted to turn onto the correct interstate ramp and asked Hagberg why he had tried to enter the wrong side of the interstate. Hagberg responded he was trying to find the Howdy Hotel, where he used to live. Deputy Plympton observed Hagberg slurring his words with a dazed expression and flushed face. Deputy Plympton had increased suspicion that Hagberg was driving under the influence because Hagberg would have passed the Howdy Hotel's giant sign on Front Street before reaching the interstate. Deputy Plympton requested Hagberg step out of his vehicle and perform a Horizontal Gaze Nystagmus test. Hagberg was unable to stand under his own power—in part due to a broken foot—and demonstrated six out of six indications of impairment during the test. Hagberg's eyes were glossy, and he told Deputy Plympton he was seeing double. Deputy Plympton placed Hagberg under arrest for DUI and transported him to the jail. Hagberg refused both the breath test and the blood test, so Deputy Plympton obtained a warrant for a blood draw. Hagberg's toxicology report from the blood draw showed a BAC of 0.272, over three times the legal limit.

¶6     Upon further investigation, Deputy Plympton learned Hagberg was driving with a suspended license and had three prior DUI convictions. On October 13, 2022, the State charged Hagberg by Information with DUI (fourth or subsequent offense), a felony, in violation of § 61-8-1002(1)(b), MCA (2021), and Driving a Motor Vehicle While Privilege to do so is Suspended or Revoked. On March 14, 2023, Hagberg signed an Acknowledgment and Waiver of Rights and Plea Agreement (Plea Agreement) pleading guilty to DUI in exchange for dismissal of the Driving While Suspended charge.

¶7     Hagberg had been denied admission into the Courts Assisting Military Offenders (CAMO) treatment court prior to the sentencing hearing, which was the only exception to the mandatory minimum custodial sentence. Accordingly, the District Court sentenced Hagberg to a thirteen-month Department of Corrections (DOC) commitment, with a recommendation for placement at the Warmsprings Addictions Treatment and Change program (WATCh), followed by a consecutive, suspended four-year DOC commitment. The court specified, if Hagberg completed the treatment program, the remainder of the thirteen-month commitment would be served on probation. The court also imposed the statutory minimum fine of $5,000 and credited Hagberg $200 for time served. Hagberg requested that the District Court suspend half of the fine because of his medical debt. Accordingly, the court suspended $2,500 of the fine.

## STANDARD OF REVIEW

¶8     We review criminal sentences for legality. *State v. Spang* 2026 MT 107, ¶¶ 7-9, 428 Mont. 150, 589 P.3d 630 (citing *State v. Cole*, 2026 MT 52, ¶ 5, 427 Mont. 64, 585 P.3d 955). To determine legality, we consider "whether the sentence falls within the

4

statutory parameters, whether the district court had statutory authority to impose the sentence, and whether the district court followed the affirmative mandates of the applicable sentencing statutes." *State v. Yeaton*, 2021 MT 312, ¶ 8, 406 Mont. 465, 500 P.3d 583 (quoting *State v. Ingram*, 2020 MT 327, ¶ 8, 402 Mont. 374, 478 P.3d 799). We review whether a district court adheres to the applicable sentencing statute de novo. *State v. Horn*, 2026 MT 79, ¶ 6, 427 Mont. 402, 588 P.2d 102 (citing *State v. Dowd*, 2023 MT 170, ¶ 6, 413 Mont. 245, 535 P.3d 645). "We review a claim that a sentence violates a constitutional provision de novo." *Spang*, ¶ 5 (citing *State v. Ber Lee Yang*, 2019 MT 266, ¶ 8, 397 Mont. 486, 452 P.3d 897.

## DISCUSSION

¶9      *Issue One: Whether Hagberg waived his right to appellate review of a fine imposed by the District Court when he agreed to the fine in his plea agreement and at sentencing.*

¶10     Hagberg asserts since the Plea Agreement and sentencing occurred under precedent that was overruled while his appeal was pending, he did not waive appellate review of his challenge to the fine. The State argues the imposition of the fine was legal, and Hagberg waived his right to appeal when he acquiesced to the fine.

¶11     A defendant does not waive the right to appellate review by agreeing to a sentence which was required by law at the time of sentencing. *Spang* ¶¶ 7-9 (finding Spang did not waive his right to appeal when he agreed to a fine in his plea agreement—which was supported by caselaw at the time of the agreement—when the constitutionality of the fine was later called into question by subsequent cases). Since the law at the time of the Plea

5

Agreement and sentencing was questioned by subsequent rulings during Hagberg's pending appeal, he did not waive appellate review.

¶12     *Issue Two: Whether the District Court erred by imposing a $5,000 mandatory minimum fine pursuant to § 61-8-1008, MCA, and suspending $2,500 of the fine.*

¶13     Hagberg asserts the District Court erred when it imposed a $5,000 fine under § 61-8-1008, MCA (2021)—which sets a mandatory minimum fine for felony DUIs—when this Court determined the "nearly identical" statute, § 61-8-731(3), MCA (2019), to be facially unconstitutional in *State v. Gibbons*.  *See generally State v. Gibbons*, 2024 MT 63, ¶ 66, 416 Mont. 1, 545 P.3d 686, *overruled in part by Cole* (holding a mandatory fine unconstitutionally removes the sentencing court's discretion to relinquish the fine after conducting an ability to pay analysis pursuant to § 46-18-231(3), MCA).  The State first responds that Hagberg erroneously conflates § 61-8-731(3), MCA (2019)—the statute at issue in *Gibbons*—with § 61-8-1008(1)(a)(i), MCA (2021)—the statute at issue here—and contends the latter statute is instead successor to § 61-8-731(1)(a), MCA (2019).  Additionally, the State asserts since this is Hagberg's fourth offense DUI, he would not meet the threshold requirement to be sentenced pursuant to § 61-8-1008(2), MCA (2021)— successor to § 61-8-731(3), MCA (2019)—and was instead sentenced pursuant to § 61-8-1008(1)(a), MCA (2021)—successor to § 61-8-731(1)(a), MCA (2019).

¶14     The State makes this distinction to argue § 61-8-731(1)(a), MCA (2019), was not declared unconstitutional in *Gibbons*, and therefore its successor statute, § 61-8-1008(1)(a)(i), MCA (2021), has not yet been declared unconstitutional.  Hagberg concedes he was sentenced for his fourth DUI pursuant to § 61-8-1008(1)(a)(i), MCA

6

(2021), but argues the fine imposed on him was nonetheless the same as the fine held to be facially unconstitutional in *Gibbons*.

¶15　These arguments are resolved by our recent decision in *Cole*—which overruled *Gibbons* to the extent it held § 61-8-731(3), MCA (2019), was facially unconstitutional— and our recent decisions clarifying the subsections of § 61-8-731, MCA (2019), are indistinguishable for purposes of analysis under *Cole*. *Cole*, ¶¶ 22-29; *Spang,* ¶ 15 (citing *State v. Horn*, 2026 MT 79, ¶ 11, 427 Mont. 402, 588 P.3d 102). In *Spang*, we noted that an important distinction between § 61-8-731(3), MCA (2019) and § 61-8-731(1)(a)(iii), MCA (2019), is their use of the conjunctions "and" and "or." *Spang*, ¶ 15 (stating the district court only had discretion under § 61-8-731(3), MCA (2019), to relinquish the fine entirely due to that subsection's use of the conjunction "or"). This distinction is no longer relevant under the successor statutes. Unlike § 61-8-731(3), MCA (2019), its successor statute, § 61-8-1008(2), MCA (2021), requires the district court to impose a custodial sentence *and* a fine. Regardless of the differences between the subsections of the statute, the analysis under *Cole* is the same.

¶16　In *Cole*, we determined § 46-18-231(3), MCA, may be harmonized with mandatory fine provisions by means of the express authority granted to sentencing judges to suspend sentences under § 46-18-201(2), MCA. *Cole*, ¶ 11. Under *Cole*, the sentencing court must impose the mandatory fine under the appropriate sentencing statute, determine the defendant's ability to pay the fine pursuant to § 46-18-231(3), MCA, and then suspend the fine to the extent the defendant lacks the ability to pay. *Cole*, ¶ 14.

7

¶17 Here, the record shows the District Court sentenced Hagberg to the DOC for 13 months followed by four years suspended, recommended he be screened for placement at a residential alcohol treatment program, conditioned probation on completion of the program, and suspended half of the minimum $5,000 fine. This sentence supports that Hagberg was sentenced pursuant to § 61-8-1008(1)(a), MCA (2021), which is the appropriate sentencing statute. The record supports the District Court conducted an analysis of Hagberg's ability to pay and suspended a portion of the fine accordingly. However, the District Court did so prior to *Cole*. We therefore do not inquire into the adequacy of the District Court's analysis of Hagberg's ability to pay, since the arguments of the parties and the court's findings may differ per our holding in *Cole*. We therefore vacate the portion of the Judgment dealing with the fine and remand to the District Court to make appropriate findings of Hagberg's ability to pay before determining the appropriate amount of the mandatory fine which may be suspended.

## CONCLUSION

¶18 The District Court's judgment imposing a $5,000 fine is affirmed and we remand for a determination of Hagberg's ability to pay.

/S/ CORY J. SWANSON

We Concur:

/S/ JAMES JEREMIAH SHEA
/S/ BETH BAKER
/S/ JIM RICE

8

Justices Katherine M. Bidegaray, Ingrid Gustafson, and Laurie McKinnon, dissenting.

¶19 We agree with the Court that Hagberg did not waive appellate review of his challenge to the fine. We dissent, however, from the majority's decision to affirm the mandatory imposition of a $5,000 fine under § 61-8-1008(1)(a)(i), MCA, and to remand only for post-imposition ability-to-pay findings under *Cole*.

¶20 For the reasons stated in our dissent in *State v. Cole*, 2026 MT 52, 427 Mont. 64, 585 P.3d 955, we continue to believe *State v. Gibbons*, 2024 MT 63, 416 Mont. 1, 545 P.3d 686, correctly held that a sentencing statute requiring a mandatory minimum fine violates the Excessive Fines Clauses of the United States and Montana Constitutions when it prevents the sentencing court from considering the defendant's ability to pay and other proportionality factors before imposing the fine. The constitutional defect lies in mandatory imposition, not merely later collection or enforcement.

¶21 This record illustrates the problem. The District Court recognized that its "hands are pretty tied on these cases," imposed the statutory $5,000 fine, and then suspended $2,500 based on Hagberg's financial condition. Although that approach may satisfy the procedural mechanics of *Cole*, it does not cure the foundational constitutional defect identified in *Gibbons*. A court that must first impose a $5,000 fine before considering whether that floor is inherently disproportionate has not exercised the sentencing discretion the Excessive Fines Clauses require. The majority's remand does not cure that problem; it merely permits the District Court to repeat the same mandatory-imposition sequence with more explicit findings. Under *Gibbons*, once the District Court determined Hagberg could not pay the only fine the statute allowed—a $5,000 mandatory minimum—the proper result

9

was to impose no fine. Remanding for further proceedings under *Cole* merely forces the District Court to participate in a procedural workaround that circumvents Hagberg's fundamental constitutional rights.

¶22 Furthermore, the majority's remand confirms the difficulty with *Cole*'s framework. *Cole* treats ability to pay as a post-imposition suspension question. The Excessive Fines Clauses require more. A sentencing court must exercise its discretion to decide, before imposing a fine, whether the fine is proportionate in light of the offense and the offender's ability to pay. A mandatory minimum that requires imposition first and discretion later does not satisfy that constitutional requirement.

¶23 Hagberg is a seventy-year-old individual in poor health, unemployed, and burdened by medical and credit card debt up to $45,000 while supporting both himself and his partner on a fixed retirement income. The court reduced some financial obligations because of his financial condition, noted he had not paid the PSI fee, suspended half of the mandatory fine, and credited Hagberg $100 for time served. Remanding this matter to require the District Court to perform a *Cole* analysis is an exercise in futility that ignores the unconstitutional nature of the initial $5,000 mandatory imposition. A suspended fine remains a legal obligation and a judgment against the Defendant. Those facts show why the Constitution requires individualized sentencing discretion before imposition of a fine, not merely a later decision about how much of a mandatory fine to suspend.

¶24 We would reverse the portion of the judgment imposing the $5,000 fine and remand for the District Court to strike the fine in its entirety.

/S/ KATHERINE M. BIDEGARAY
/S/ INGRID GUSTAFSON
/S/ LAURIE McKINNON